IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON B. ERWIN, | § | |
| | § | No. 369, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. S1512009044 |
| STATE OF DELAWARE, | § | S1401000874 |
| | § | S1310009254 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 17, 2019
Decided: December 13, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jason B. Erwin, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Erwin's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 2014, Erwin pleaded guilty to two third-offense DUIs arising out of incidents that occurred on November 7, 2013 and November 23, 2013. On May 7, 2014, the Superior Court sentenced Erwin to a total of four years of Level V incarceration, with credit for one day served, suspended after 180 days for eighteen months at Level III probation.

(3)     Between 2015 and 2019, Erwin was found in violation of probation multiple times.  He was referred to the Veterans Treatment Court and received VOP sentences that included various substance-abuse-treatment programs.  In 2016, he also pleaded guilty to a fourth-offense DUI and was sentenced for that offense.  The end result of all of these proceedings was that on June 26, 2019, the Superior Court entered a VOP sentence order encompassing the two third-offense DUIs and the fourth-offense DUI, in which the court sentenced Erwin to a total of five years and seven months of Level V incarceration, suspended after ten days for one year of Level III (Oxford House Sober Living), with TASC monitoring and other conditions, including zero tolerance for missed appointments.  Erwin did not appeal from that sentence.

(4)     On July 19, 2019, Erwin's probation officer filed a violation report alleging that Erwin had failed to report to probation as required and had failed to engage in treatment as required.  On August 1, 2019, the Superior Court held a VOP hearing and found Erwin in violation of probation.  The Superior Court terminated Erwin from the Veterans Treatment Court and sentenced him to a total of five years and five months of Level V incarceration, to be suspended after one year for one year of Level IV work release, followed by one year of Level III probation.

(5)     Erwin has appealed from his August 1, 2019 sentence.  On appeal, he argues that the Superior Court judge sentenced him with a closed mind; his sentence is excessive and exceeded the recommendation made by his probation officer; and the attorney who represented him at the VOP hearing provided ineffective assistance of counsel.  We will

2

not consider Erwin's ineffective assistance of counsel claim for the first time on direct appeal.[1]

(6)     The remaining claims lack merit.   Erwin challenges only his sentence, because he admits that he violated his probation.[2]  "It is well-established that appellate review of sentences is extremely limited."[3]  Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[5]  "A judge sentences with a closed mind when the sentence is based upon a preconceived bias without consideration of the nature of the offense or the character of the defendant."[6]  When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[7]

(7)     Erwin contends that the Superior Court judge sentenced him with a closed mind because the judge failed to consider that Erwin has already completed several treatment programs and how difficult it was for Erwin to attend all of his appointments. He also argues that the Superior Court erroneously exceeded the sentencing

---

[1] *E.g.*, *Sandoval v. State*, 2019 WL 2438903 (Del. June 10, 2019).
[2] Opening Br. at 7.
[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citation omitted).
[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[5] *Kurzmann*, 903 A.2d at 714.
[6] *Id.*
[7] 11 *Del. C.* § 4334(c).

3

recommendation made by "TASC, Probation, the Prosecutor, and the PSI Investigation." To the contrary, the record reflects that, over a period of several years, the Superior Court gave Erwin multiple opportunities for treatment and to remain out of prison, yet Erwin repeatedly violated probation and also incurred a fourth-offense DUI while on probation. Moreover, Erwin faced a possible sentence of more than five years in prison, but received only one year at Level V. There is nothing in the record that supports the conclusion that the Superior Court based Erwin's sentence on a "preconceived bias, without consideration of the nature of the offense or the character of the defendant."[8]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *Kurzmann*, 903 A.2d at 714.

4